■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND FARRAR, Appellant.— Judgment, Supreme Court, Bronx County, rendered November 17, 1972, after a jury trial convicting the defendant of two counts of criminally selling a dangerous drug in the third degree, three counts of criminal possession of a dangerous drug in the fourth degree, and three counts of criminal possession of a dangerous drug in the sixth degree, unanimously modified, on the law, to the extent of reversing the conviction of Counts Nos. 2 and 3 (charging criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree on May 9, 1972), Counts Nos. 5 and 6 (charging criminal possession of a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree on May 11, 1972), and Count No. 8 (relating to criminal possession of a dangerous drug in the sixth degree on May 23, 1972), dismissing those counts of the indictment, and otherwise affirmed. Where an offense charged in one count is greater than any charged in the other counts, and when the lesser offense is necessarily included in the greater offense, the lesser offense is described as an "inclusory concurrent count". A verdict of guilty upon the greater offense is deemed a dismissal of every inclusory concurrent count (CPL 300.40, subd. 3, par. [b]). Therefore, in the instant case, conviction of the crimes of criminal sale of a dangerous drug in the third degree related to May 9, 1972 and May 11, 1972, as well as conviction of criminal possession of a dangerous drug in the fourth degree on May 23, 1972, mandates dismissal

of the counts enumerated above as being inclusory concurrent counts (*People v. Pyles*, 44 A D 2d 784; cf. *People v. Colon*, 46 A D 2d 624). We have examined the other points urged by the appellant and find them without merit. Concur — Stevens, J. P., Kupferman, Murphy, Lane and Nunez, JJ.